The opinion of the court was delivered by
Valentine, J.:
i.Homestead; one "body, or tract. The only question involved in this case is, whether a debtor can under any circumstances hold as a homestead, under the homestead exemption laws, two or more lots or pieces or parcels of land situated within an incorporated town or city when such lots, pieces or parcels of land are separated by an alley. We must answer this question in the negative. A homestead must consist of only 0 J one tract or body of land. (Bunker v. Locke, 15 Wis., 638; True v. Morrill, 28 Vt., 672; Walters v. The People, 18 Ill., 194; Kresin v. Man, 15 Minn., 116.) Such we think is the obvious meaning of the constitution. The language of the constitution is, that “A homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, shall be exempted from forced sale, under any process of law,” etc. (Const., art. 15, § 9.) The language, “one acre [of land] within an incorporated town or city, occupied as a residence hy the family of the owner,” certainly does not mean to include various tracts of land scattered through an incorporated town or city7- amounting in the aggregate to no more than one acre. And the word “ homestead,” itself, seems to mean the particular place occupied by the family of the owner as a home, and not to mean various tracts of land wholly detached from the homestead, although they may he iised by the owner of the homestead.

*261
2. Fee of streets ana alleys.

...... lots, one tract.

4. Title of claimant.

S.Easement.

*260 In this state the fee of all streets, alleys, and other public *261 grounds which have been dedicated to the use of the public by the proprietor of any town or city is vested in the county in which such streets, alleys, or other public grounds are situated, and not in the abutting or adjacent lot-owners. (Comp. Laws, 119, §§ 1, 6; Franklin Co. v. Lathrop, 9 Kas., 453, 461, 462; A. & N. Rld. Co. v. Garside, 10 Kas., 552.) An abutting lot-owner has no more or greater legal right to the alley than any other person has. He does not own the ultimate fee to the alley, nor can he use the same except as an alley. He has no right to use it as a part of his homestead. If the abutting lot-owner were the owner of the fee, and the public had merely an easement over the alley, then we should think that the abutting lot-owner would have the right to extend his homestead on both sides 0£ ^he ajjey. for then ^js homestead would in law be composed of only one tract or body of land. Two or more lots or pieces or parcels of land may, when adjoining, and when united, constitute only one tract or body of land. Therefore a homestead may consist of several lots or pieces or parcels of land provided they all adjoin each other, for then they are in fact but onfe tract or body of land. We do not think that it is necessary that all these lots or pieces or parcels of land should be held by an absolute title in fee simple, or by the same title, or even by the same kind of title, in order that they may all constitute but one homestead; but we think it is necessary that they all be held by some kind of title or interest different from that which the whole public may have in the property. An easement may be created upon or through the land, such as a common road, a railroad, or a water privilege, without in .. .. , . , , -, any manner affecting its character as a homestead, for in such a case the owner of the land still owns the fee to that portion of the land over which the easement is created, as well as to the rest of the land. Yet, whenever several lots or pieces or parcels of land claimed to be held and occupied as a homestead are not contiguous, but are separated by lands in which the person claiming the homestead has no title or *262 interest, as by lands owned by another, or by a street, alley, or other public ground in a town or city, such several lots or pieces or parcels of land cannot be included in or constitute one and the same homestead. The alley in this case was twenty feet wide. But upon principle, we suppose it can make no difference whether it were twenty feet, or twenty rods, or any greater or less distance. If a resident of a town or city could hold a lot across an alley for a stable, as part of his homestead, why could he not hold it across a street, or across a block, or across many blocks ? and why could not a person residing on a five or ten-acre lot, just outside of the city, hold one hundred and fifty acres of land one mile, fifty miles, or a hundred miles away from his actual residence, from which to get his hay, corn, and other farm produce? The resident of the town or city could have no more right to fence up the alley than the resident of the country would to fence up all the country intervening between his actual residence and the tract of land he might own a hundred miles away. If separate lots or pieces or parcels of land, not contiguous to each other, can be held at all as a homestead, where can any limit as to the distance which may intervene between them, be fixed ? The boundaries of a town or city, for a resident within such town or city, and the boundaries of a state for a resident in the country, would be the only limits which could be fixed in such a case.
e LicenseSSo£ aueyS. ■ There is another question raised in this case. The plaintiff purchased all of the lots ■ now claimed as a homestead after the town (now city) was laid out and platted, but be-fore ^ plat was recorded. The proprietors of the town, from whom the plaintiff purchased the lots, agree(j a£ £he £¿me 0f ^he purcjjase that he might fence up the intervening alley; but there is no pretense that said proprietors ever sold the alley to the plaintiff, or that he ever purchased the same from them; and although the proprietors afterward executed to him a deed for the lots, they never executed a deed to him for the alley, and it was never understood"or expected that they should do so. The *263 said agreement of the proprietors was therefore at most only a parol license, and gave no right, title or interest to the plaintiff in or to the alley; and therefore said agreement, and the subsequent possession by the plaintiff, cannot affect any of the other questions involved in this case. The plaintiff after his purchase, and before said plat was recorded, took possession of the lots and the intervening alley, inclosed the same with a fence, built a house and stable thereon — -the house on one side of the alley and the stable on the other — and has occupied said lots and the intervening alley as a homestead ever since. The plat of said town was filed for record with the register of deeds before the said deed to the plaintiff was executed. This is a hard case. The plaintiff ought to have the lots on both sides of the alley for his homestead, and if it were not for the rigid and inflexible rules of law we would be glad to give them to him. But the law is against him, and we are bound to follow the law.
The judgment of the court below is affirmed.
All the Justices concurring.