THE LINN COUNTY BANK v. A. T. HOPKINS.

HOMESTEAD — *Extent of Right.* Under the homestead exemption laws of this state, the homestead must consist of one body of land. A person residing upon one 40-acre tract of land and owning a second upon which he does not reside, and which only corners with the first, cannot hold the second 40 exempt as a homestead.

*Error from Linn District Court.*

ACTION by the *Linn County Bank* against *Hopkins,* to recover upon three promissory notes. March 22, 1889, a motion

to discharge plaintiff's attachment was granted, and it brings error.   The opinion states the material facts.

*James D. Snoddy*, for plaintiff in error.
*J. V. Donaldson*, for defendant in error.

Opinion by GREEN, C.: The Linn County Bank sued A. T. Hopkins upon three promissory notes, and at the same time caused an attachment to be levied upon the northeast quarter of the southeast quarter and the southwest quarter of the northeast quarter of section 21, in township 19, of range 24 east.   A motion was made to discharge the attachment, on the ground that the 80 acres was exempt from forced sale for the reason that it was a homestead.   The motion was sustained.   The question, as stated by counsel for defendant in error, is whether all of the real estate attached at the instance of the plaintiff was exempt as the homestead of the defendant. The decision of that question settles the controversy in this case.   The two tracts of land "cornered" upon each other, as will appear from the following diagram:

**T. 19,   R. 24.**

| | | |
|---|---|---|
| | | |
| | "B"<br>S.W. qr. of<br>N.E. qr. | |
| Sec. 21. | | "A"<br>N.E. qr. of<br>S.E. qr. |
| | | |

The defendant had occupied the tract marked "A" as a homestead, but his home had been burned. We think, however, the evidence upon the motion to discharge the attachment established the fact that he intended to rebuild it, and that this tract was clearly exempt. He had never resided upon the other subdivision. Does the constitution exempt two tracts of land as a homestead which corner? It has been settled by this court that a homestead must consist of only one tract of land. (*Randal v. Elder,* 12 Kas. 257, and authorities there cited.) The language of the constitution is, that "a homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, shall be exempt from forced sale." etc. (Const. art. 15, § 9.) A homestead is defined to be a person's dwelling place, with that part of his landed property which is about and contiguous to it. Contiguous means touching sides, adjoining, adjacent. Two tracts of land touching only at one point are not contiguous. In the case of *Kresin v. Mau,* 15 Minn. 119, it was said: "Two tracts of land mutually touching only at a common corner—a mere point—cannot, according to any ordinary or authorized use of language, be spoken of as constituting one body or tract of land." The same construction has been placed upon acts of congress in relation to the entry of public lands. (1 Lester, Land Laws, Reg. and Dec., p. 360. See also *Hill v. Bacon,* 43 Ill. 477; *Aldrich v. Thurston,* 71 id. 324; Thomp., Homestead Ex., §§ 120, 145, 147.)

The order of the district judge discharging the attachment levied upon the southwest quarter of the northeast quarter of section 21, in township 19, of range 24, should be reversed.

By the Court: It is so ordered.

All the Justices concurring.