### B. F. Hursh v. J. W. Starr.
#### No. 180.

1. REPLEVIN—*defendant's answer admitting possession in himself, cannot controvert admission on trial.* In an action of replevin against an officer to recover cattle levied upon by him, wherein the defendant's answer, admitting possession, justifies under a writ of execution and denies the ownership of the plaintiff, it is error to permit the defendant to prove that he was not in possession of the property at the commencement of the suit.

2. ——— *plaintiff's receipt to defendant officer on levy, not evidence that defendant does not detain property.* In such case, where the evidence of the plaintiff proves *prima facie* that he is the owner of the property and that he demanded possession of the property from the defendant before bringing the suit, but it is incidentally developed by cross-examination that at the time the levy was made the plaintiff gave a receipt to the defendant by which he undertook to safely keep the property for the defendant, it is error to sustain a demurrer to the plaintiff's evidence on the ground that the defendant did not, at the commencement of the suit, have or detain the property from the plaintiff.

3. ——— *demurrer to plaintiff's evidence sustained because defendant's possession not proven, judgment for defendant for return of property, error.* The defendant in his answer admitted the detention and justified the same by levy of execution on the property, and, when the plaintiff rested, demurred to the evidence on the sole ground that by the receipt of the plaintiff it appeared that he did not detain the property; and the demurrer was sustained upon that contention. *Held*, that it was error to render a judgment in the defendant's favor for a return of the property or for its value.

Error from Atchison District Court. Hon. Robert M. Eaton, Judge. Opinion filed July 16, 1897. *Reversed.*

*W. D. Gilbert*, for plaintiff in error.
*Ellsworth Ingalls*, for defendant in error.

MAHAN, P. J. This was an action of replevin to recover the possession of twenty head of cattle. The plaintiff claimed absolute ownership. The defendant

admitted possession in himself, but justified under a writ of execution and denied the ownership of plaintiff. Upon the trial, the plaintiff offered evidence tending to show, and it does in fact show, *prima facie*, that he was the owner of the property, and that he demanded it from the plaintiff before bringing the action. It was developed, however, upon cross-examination, that at the time the levy was made in the first instance, the plaintiff gave to the defendant a receipt for the property, promising to safely keep it. A demurrer was sustained to the evidence, the case taken from the jury, and a judgment entered for the defendant, ordering a return to him of the property, or, in case the property could not be returned, a personal judgment of three hundred dollars against the plaintiff.

In addition to the answer of the defendant admitting possession in himself and justifying under the writ, there was a stipulation at the beginning of the hearing to the effect that the property was levied upon by the defendant, as recited in his answer, and, in effect, that he was in possession of the property. The value of the property was likewise fixed by the stipulation. The plaintiff saved an exception to the ruling of the court sustaining the demurrer to his evidence, made a motion for a new trial, specifying that action of the court as one ground of error, and now asks a reversal of the judgment upon these assignments of error : *First*, that the court erred in sustaining the demurrer ; *second*, that the court erred in rendering judgment in favor of the defendant and against the plaintiff for costs ; *third*, that the court erred in rendering judgment in favor of the defendant and against the plaintiff for a return to the defendant of the property, or the value thereof in the sum of

10                    HURSH v. STARR.

N. Dept.            Opinion.   Mahan, P. J.        6 Kan. App.

three hundred dollars in case a return could not be had; and, *fourth*, that the court erred in overruling the plaintiff's motion for a new trial.

We think all the assignments of error should be sustained. The evidence was abundant to sustain the ownership of the plaintiff. The evidence was clear that he demanded possession before the bringing of the suit, and was refused. The possession of the defendant is admitted by the pleadings and by the stipulation of facts, so that the matter of the receipt being given by the plaintiff in the first instance became irrelevant and immaterial under the issues. It was not proper to permit the defendant as an officer to first say, by his answer and by his stipulation, that he had possession under his writ, and then ask the court to hold, upon his demurrer, that he had not possession. And even conceding that he had this right—that he might insist on possession under his answer and stipulation, and upon the evidence insist that he did not have the possession of the property and did not detain it from the plaintiff at the beginning of the suit, yet it would be error in such case to render judgment that the plaintiff should return to him the property which he never had and did not claim to have, which he denied having in order to get a judgment against the plaintiff. If he did not have it—did not detain it at the beginning of the action, the court did not have authority to restore him something he never had. The motion for a new trial should have been granted.

The judgment is reversed, and the case remanded to the District Court with instruction to grant a new trial.