## M. C. WILLIS v. FRANCES WHITEAD et al.

### No. 10560.

1. HOMESTEAD—*sale, under foreclosure to which wife not a party, enjoined in action by husband and wife, though mortgage given by prior owner.* Both husband and wife are necessary parties to an action to foreclose a mortgage · on their homestead, whether the mortgage was given by themselves or by a party through whom their title was derived; and where a mortgagee is proceeding to sell the homestead under a judgment rendered in an action to which the husband only was a party, the sale will be enjoined, in an action prosecuted by the wife with her husband for that purpose.

2. ———— *and if tract exceeds exemption area, plaintiffs may select the homestead of which sale shall be enjoined.* In such an action, where it appears that the homestead right covers

only one acre out of a tract of five and three-fourths acres, the plaintiffs may select the acre and the court thereupon enjoin a sale of it.

Error from Brown District Court.   R. M. Emery, Judge.   Opinion filed March 5, 1898.   *Affirmed.*

*W. F. Guthrie,* for plaintiff in error.
*Crockitt & Falloon,* for defendants in error.

ALLEN, J.   The plaintiff in error, Willis, sold seventy-two acres of land to the Horton Real Estate and Loan Company and took back a mortgage for a part of the purchase money.   The Real Estate and Loan Company conveyed a tract of five and three-fourths acres of this land to W. W. Whitead.   Prior to the execution of this conveyance a release of the tract sold to Whitead was executed and recorded by A. F. Moore, as attorney in fact of Willis.   In October, 1890, after the execution of the last mentioned conveyance, Willis commenced an action, against the Horton Real Estate and Loan Company, W. W. Whitead and others, to foreclose his mortgage.   In June, 1891, a stipulation was entered into by the attorneys for the plaintiff, W. W. Whitead, and the Real Estate and Loan Company, for a continuance of the case to the next term of the court and for six months after the first day thereof, if the Real Estate and Loan Company should pay $1500 on the mortgage debt; and providing that in case of failure to make such payment judgment might be taken against the Real Estate and Loan Company, and that $400 thereof should be made a personal judgment against Whitead and the first lien on the tract of land conveyed to him.   In November, 1893, judgment was entered in accordance with this stipulation for the balance due on the mortgage and for the sale of the tract conveyed to Whitead for the payment of

$400, in case the proceeds of the sale of the balance of the property should be insufficient to satisfy the judgment against the Real Estate and Loan Company. On this judgment an order of sale was issued, and the sheriff was proceeding to sell the tract conveyed to Whitead, when this action was commenced by Frances Whitead and her husband, W. W. Whitead, to enjoin the sale on the ground that the property was their homestead. The case was tried, and the court found that the land was occupied by the plaintiffs as a homestead, but that, being within an incorporated city, they were entitled to only one acre, to be selected by them. On the findings a judgment was entered enjoining the sale of an acre, described by metes and bounds, and taxing the costs against the defendant Willis. He brings the case to this court, claiming that, by the repudiation of the stipulation and the judgment entered in accordance with it, the whole tract conveyed to Whitead is rendered subject to the whole balance of the judgment in favor of Willis, amounting to $2178.98.

It has been contended by the plaintiff in error, in all the stages of this litigation, that the release of his mortgage, executed by A. F. Moore, as his attorney in fact, was invalid, and we are asked to pass on this question. It appears unnecessary to do so, or even to state the facts on which that contention arises, for it is apparent that the plaintiff in error must, in any event, fail in his effort to reverse the judgment of the trial court in this case. Beyond doubt, the plaintiffs had a homestead interest in one acre of the land. Mrs. Whitead was not a party to the action to foreclose the mortgage. Without her presence in court no valid foreclosure could be had, and the judgment as to the homestead was a mere nullity. The sheriff was proceeding without lawful authority to sell it,

and the trial court could not do otherwise than enjoin the sale. There is no merit in the contention that the claim of homestead was not made in due time, or that by claiming the whole tract as a homestead they lost their right to one acre of it. They were entitled to select that acre, and the court, when it decided that they were not entitled to the whole tract, very properly permitted them to designate the boundaries of the acre they would retain. *Peak v. Bank*, 58 Kan. 485, 49 Pac. 613.

We see no error in taxing the costs against the defendant.

The judgment is affirmed.