HON. A. W. DENNISON, PRESIDING JUDGE.
HON. B. F. MILTON, } ASSOCIATE JUDGES.
HON. M. SCHOONOVER, }

NEWTON L. ARD v. C. H. PRATT AND C. C. AUSH-
ERMAN.

### No. 409.* ( 58 Pac. 283.)

1. PLEADING—*Homestead Entry—Insufficient Allegations.* The petition alleged that the land levied on under execution was a part of plaintiff's homestead; that he took possession of the same in 1868; that in 1873 the land was patented by the United States to a railway company; that the plaintiff had always expected and intended to acquire title to the tract under the timber-culture law. There was no allegation that the plaintiff had ever filed or offered to file on the land under the timber-culture law, and that law was repealed some years before the commencement of· this action. *Held,* that the petition was demurrable.

2. HOMESTEAD EXEMPTION—*Levy of Execution—Notice to Sheriff.* From the facts shown by the entire record, it appears that up to the time of the levy of the execution the plaintiff had not selected the land in controversy as a part of his homestead, and that prior to the commencement of this action he had not notified the sheriff in writing of what he claimed as his homestead,. with a description thereof. *Held,* that the plaintiff was not entitled to· the injunction restraining the sale of the said land under execution.

Error from Allen district court; L. STILLWELL, judge. Opinion filed September 19, 1899. Affirmed.

*Reversed by the supreme court May 5, 1900. See 61 Kan. 775,
60 Pac. 1048.—REP.

*Ewing & Savage*, for plaintiff in error.

*Oscar Foust & Son*, for defendants in error.

The opinion of the court was delivered by

MILTON, J. : This action was commenced on June 5, 1896, by the plaintiff in error to enjoin the defendants in error, Ausherman, as sheriff of Allen county, and Pratt, as judgment creditor, from selling the east half of the southeast quarter of section 2, township 26, range 20, in Allen county, under an execution issued upon a judgment in favor of Pratt and against Ard and others. The petition alleged that in the year 1866 the plaintiff filed a homestead entry on the west half of the quarter-section named, which right of entry was denied by the officers of the local land office, and which is yet pending and undetermined in the land department of the government and also in the courts of the United States ; that from a time preceding the filing of such entry the plaintiff had continuously occupied and improved the premises named for the purpose of making a homestead thereon ; that by fraud or mistake the tract named was in the year 1873 patented to the Missouri, Kansas & Texas Railway Company ; that afterward, in a suit pending in the supreme court of the United States, in which Ard was plaintiff in error and Pratt was defendant in error, it was held that Ard's right and equity were paramount and superior to that of Pratt or his grantor, the said railway company ; and that such action was still pending for a rehearing. As to the east half of the southeast quarter of said section 2, the petition alleged "that about 1868 this plaintiff took possession of and has since continually and uninterruptedly used and occupied the east half of the said southeast quarter

Ard v. Pratt.

of said section 2 ; that at the time he took possession
thereof he was informed and believed he could obtain
title thereto in the course of time under what was
known and called 'a timber claim' ; that he made
said claim in good faith and is and has been trying to
perfect the same ever since." The petition also al-
leged "that the title to said southeast quarter, with
other lands, as between the government of the United
States and the said railroad company and its grantors
[grantees], is now pending for trial in the United
States circuit court for the district of Kansas, in which
cause this plaintiff and the said defendant C. H. Pratt
are both made defendants, and wherein they are both
claiming the right to said southeast quarter." It was
further alleged that the plaintiff had lived on said
southeast quarter with his family for more than
twenty years, and that he had a legal and equitable
homestead right therein. The remaining allegations
related to the levy upon and threatened sale of the
premises, and the prayer was for a temporary injunc-
tion restraining the plaintiffs from selling such land
"until the further order of this court, and until the
homestead rights of this plaintiff can be ascertained
and determined, and until the litigation involving
the said southeast quarter is finally determined ; and
on a final hearing, that said injunction be made per-
petual, and for further and general relief."

The petition was duly verified, and upon its pres-
entation to the probate judge of Allen county a
temporary injunction was granted as prayed for.
Thereafter, and on the 16th day of June, 1896, the
defendants filed a motion to dissolve the injunction,
the principal grounds of the motion being, that the
temporary injunction was granted without notice to
the defendants, when no necessity existed therefor,

and upon no other evidence than the verified petition of the plaintiff; that the petition failed to state facts sufficient to constitute a cause of action or to warrant a temporary injunction; and that the defendants denied the allegations of the petition as to the land in controversy being the homestead of the plaintiff.   On June 26, the hearing upon the motion to dissolve took place in the district court of Allen county.   The defendants, to sustain their motion, introduced the affidavit of C. H. Pratt, in which the witness deposed, in substance, as follows: That N. L. Ard had never claimed the land levied on under said execution as a homestead until the filing of the petition in this action; that in an action of ejectment tried in Allen county district court in November, 1895, between the affiant, as plaintiff, and N. L. Ard, as defendant, involving the land levied on herein, said Ard testified as a witness in his own behalf, and then disclaimed that said land constituted any part of his homstead, but, on the contrary, testified that his homestead consisted of the west half of the southeast quarter of said section 2, and the north half of the northeast quarter of section 11, in township 26, of range 20; that in a suit then pending and undetermined in the circuit court of the United States for the district of Kansas, between the United States as plaintiff and the Missouri, Kansas & Texas Railway Company and others as defendants, the said Ard claimed the last-described land as his homestead; that the only pretense of claim Ard ever made to the land in controversy was made in the ejectment action, in which he claimed the same as a timber-culture claim, and also claimed to have held the same by adverse possession for over fifteen years.   To further maintain the issues joined by the motion to dissolve, the defendant

introduced in evidence the record of the ejectment action to corroborate the foregoing affidavit, and to show that Ard had, upon the grounds stated, prevailed in said action. The entire testimony of N. L. Ard in the ejectment action was introduced and is in the record before us. From his testimony, it appears that in 1866 Ard settled upon 160 acres of land, eighty acres thereof being the west half of the southeast quarter of said section 2 and the other eighty acres being in section 11 adjoining, as a homestead, and shortly thereafter made application to the local land-office to enter the same under the homestead law ; that he had never perfected his entry but had kept the same intact, and had continued to occupy the land under the homestead law for the purpose of acquiring it thereunder when practicable.

In rebuttal, Ard offered his verified petition and no other evidence. The petition was demurrable, as it failed to state facts sufficient to show ownership on the part of Ard in the land in controversy. It alleges that the land was patented in the year 1873 by the United States to the railroad company, and there was no allegation that he had ever filed or offered to file upon the said land as a timber claim, and it is inferentially clear from the petition itself that at no time since 1868 has the tract of land been subject to entry under the timber-culture law. That law was repealed in 1891, and under the facts before us we think Ard's alleged claim was entirely extinguished by such repeal.

Again, the petition failed to disclose the real facts concerning the plaintiff's alleged homestead right in the land in controversy. From the evidence introduced on behalf of the defendants, it seems that, as between Ard and Pratt, the court had held in the ejectment action that the former was entitled to the pos-

session of the land in controversy, doubtless under the claim of adverse possesssion for more than fifteen years. In that action Ard had testified, only seven months prior to the time of the decision here complained of, that the west half of the southeast quarter of section 2, and the north half of the northeast quarter of section 11 comprised his homestead. As nothing appears to indicate any change of his status with reference to his land between that time and the time this action was commenced, his right, if any existed, to claim the land in controversy would arise from the statutory right of selection of his homestead. Section 2, chapter 118, General Statutes of 1897 (Gen. Stat. 1899, § 2900), reads :

"Whenever any levy shall be made upon the land or tenements of a householder whose homestead has not been selected and set apart, such householder, his wife, agent, or attorney, may notify the officer in writing at the time of making such levy, or at any time before the sale, of what he regards as his homestead, with a description thereof, and the remainder alone shall be subject to sale under such levy."

This statute was construed in the case of *Peak v. Bank*, 59 Kan. 485, 49 Pac. 613. In the state of facts shown by the entire record, it is clear that up to the time of the levy upon the land in controversy Ard had not selected the same as a part of his homestead, and that, prior to the commencement of this action, he had not notified the sheriff in writing of what he regarded as his homestead, with a description thereof. He was not, therefore, entitled to an injunction to restrain the sale of the land levied on, and the order of the trial court dissolving the temporary injunction was properly entered. It will therefore be affirmed.