NEWTON L. ARD v. C. H. PRATT *et al.*

No. 11,596.*   ( 60 Pac. 1048.)

1. TITLE AND OWNERSHIP — *Estopped by Execution Levy.*   One who causes an execution to be levied on land as the property of another necessarily affirms that such other has a salable interest in the land, and will not be heard to deny such interest and title when the owner sets up a claim that the property levied on is a homestead and exempt from sale upon execution.

2. HOMESTEAD — *Selection.*   A debtor who owns and occupies 240 acres of land lying in a body, from whatever source obtained or by whatever title or tenure it is held, is entitled to select 160 acres of the same as his homestead from any of the subdivisions thereof which are contiguous and will include the one upon which he resides.

3. ———— *Injunction before Sale.*   Unless he has already made a selection, he may make one when the execution is levied by the officer, or at any time before the sale of the property levied on, and the bringing of a proceeding against the officer to enjoin the sale as soon as the levy is made, in which he sets up his claim of homestead, and the causing of a summons to be served on the officer, are sufficient notice to such officer of his homestead selection and claim.

Error from court of appeals, southern department; A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER, judges.   Reversed.

*Ewing & Savage,* for plaintiff in error.

*Oscar Foust & Son,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. :   C. H. Pratt obtained a judgment against Newton L. Ard and others and caused an execution to be levied on eighty acres of land to which Ard claimed to have the equitable title, and he further

———————————

*For opinion by court of appeals, see 9 Kan. App. —, 58 Pac. 283.—REP.

claimed that it constituted a part of his homestead exemption. He promptly brought an action alleging that the land levied on was a part of his homestead and therefore not subject to levy and sale upon execution, and he obtained a temporary order enjoining a sale. On a hearing the temporary injunction was dissolved, and this ruling was affirmed by the court of appeals. (9 Kan. App. —, 58 Pac. 283.)

The objections to the jurisdiction of this court to review the ruling of the courts below cannot be sustained.

It is alleged and conceded that Ard was the owner of 240 acres of land, composed of the southeast quarter of section 2, township 26, range 20, and the eighty acres lying immediately south of the quarter-section, described as the north half of section 11, township 26, range 20. He claimed to have acquired the west eighty acres in section 2 and the eighty-acre tract in section 11 under the homestead laws of the United States, and the remaining eighty-acre tract, on which the execution was levied, under the timber-culture act, as well as by adverse possession.

One of the points made against the plaintiff was that his petition did not disclose a sufficient title to the land in controversy to enable him to maintain injunction. Pratt is hardly in a position to question Ard's title upon any ground. He caused a levy to be made on the eighty acres as the property of Ard, and sought to submit it to the payment of his judgment against Ard. It is difficult to understand how Pratt can assert that it was Ard's property when he was supporting the levy, and be heard to deny such ownership when the validity of the levy was challenged by injunction proceedings. Ard's title to the land seized may not be complete, but when Pratt attempted

to take the land under execution he necessarily affirmed that Ard had a salable interest therein, and in fact his counsel in the brief filed here frankly state that he owned the property when the judgment was rendered and when the execution thereon was levied.

Another contention against the exemption is that Ard had not selected a homestead out of the 240-acre tract owned by him prior to the commencement of the action, and further, that his conduct estopped him from asserting a claim of homestead to the land in controversy.    When the trial was had in the district court the case of *Peak v. Bank,* 58 Kan. 485, 49 Pac. 613, had not been decided.    There it was held that the debtor is entitled to select a homestead out of such contiguous tracts as will include the one upon which he resides.    It appears that Ard's house is located on the southeast corner of the west eighty-acre tract in section 2, only two rods from the west line of the eighty-acre tract in controversy, and that his yard, corral and some of the outbuildings extend to and upon the eighty acres in controversy.    The land levied on is not only contiguous to the residence, but it had been cultivated and occupied by the owner for many years before the judgment was rendered.    He was entitled to carve a homestead of 160 acres out of any part of the 240-acre tract ; and unless he had already made a selection which did not include the tract in controversy, or had estopped himself to make a selection, his claim of exemption must be sustained.

A claim is made that he had previously selected the west eighty acres in section 2 and the eighty-acre tract in section 11.    The only basis for this claim is that he had taken the land last described under the homestead laws of the United States, and in a former

litigation had spoken of it as his homestead. The testimony shows, however, that he referred to it as his government homestead, and did not speak of it as the homestead which was exempt to him under the constitution and laws of the state. It is immaterial to the creditor whether he acquired title to the 240 acres under the homestead-preemption or timber-culture acts of the United States, or derived it from some other source. It is enough that he is the owner of the land and is entitled to select a homestead out of that so owned. It not having been previously selected or set apart, he was entitled to make the selection when the levy was made, or at any time before the sale of the property levied upon. (Gen. Stat. 1897, ch. 118, § 2; Gen. Stat. 1899, § 2900; *Peak v. Bank*, 58 Kan. 485, 49 Pac. 613; *Willis v. Whitead*, 59 id. 221, 52 Pac. 445.)

The argument that Ard's claim of exemption must be defeated because he had not notified the sheriff in writing of what he regarded as his homestead is a too strict and narrow view to take of the homestead provisions. It is enough that notice is given to the officer making the levy at any time before the sale, and in the present case Ard caused a written summons to be served on the sheriff, which gave him abundant notice that he claimed the land in controversy as a part of his homestead. In *Peak v. Bank*, supra, the right of the owner to make a selection even after litigation was begun is recognized, and in *Willis v. Whitead*, supra, where the owner made an erroneous claim of homestead, and it was contended that the selection was not made in due time, it was held that the claimant might afterward select the tract to which he was entitled and then obtain an injunction against the sale of the same.

Giving the homestead provisions the liberal interpretation to which they are entitled, we think the district court was not justified in dissolving the temporary injunction, and therefore that judgment, as well as the judgment of the court of appeals affirming it, will be reversed, and the cause remanded for further proceedings.