No. 28,524.

L. L. Cates and Matt Guilfoyle, *Appellees*, v. F. E. Munsell et al., *Appellants*.

(275 Pac. 178.)

Opinion filed March 9, 1929.

*W. J. Pirtle* and *Henry Torgeson*, both of Council Grove, for the appellants

*Matt Guilfoyle*, of Abilene, *Joe E. Lynch*, of Herington, and *Thomas Amory Lee*, of Topeka, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The plaintiffs commenced this action to set aside a tax deed conveying certain real property in Morris county to the defendant Dicae A. Munsell. The defendants answered denying any title in the plaintiffs and alleging title in defendant Dicae A. Munsell. Judgment was rendered setting aside the tax deed, decreeing that the plaintiffs were the owners of the premises, subject to a life estate in Francis E. Munsell, and quieting the title of the plaintiffs against the defendants, subject to that life estate. The defendants appeal.

Findings of fact and conclusions of law were made as follows:

"April 26, 1904, Oliver S. Munsell, being the owner of section 25, in township 15, range 7, Morris county, Kansas, conveyed said premises to Clara B. Munsell, his wife, and Francis E. Munsell, by an instrument offered in evidence, as plaintiffs' exhibit E. By the terms of said instrument, the grantees became trustees, and among other things said trustees, upon the death of the grantor, were to hold said premises for the benefit of persons named in the will and codicil thereto of the grantor, and if necessary to execute such conveyances as might be necessary to make conveyances to carry out the terms of said will and codicil.

"The grantor died; his will and codicil thereto were duly probated. By the terms of said will an inalienable life estate in the above-described premises was devised to Francis E. Munsell, with reversion and succession to the legal heirs of his body, share and share alike.

"Francis E. Munsell had three heirs of his body, one of whom was James

O. Munsell. The other heirs conveyed to James O. Munsell their interest in the premises in controversy. On July 6, 1916, Kate G. Munsell was granted a divorce from her husband James O. Munsell by the district court of Dickinson county, Kansas, and was by said court awarded all the right, title and interest of her husband in the premises in controversy.

"Just prior to said decree of divorce the First National Bank of Herington, Kansas, attached the premises in question as the property of James O. Munsell, and said premises were sold. Thereafter they were redeemed by the divorced wife of James O. Munsell for the sum of $4,058.62, the money therefor being furnished by the plaintiffs, and she conveyed the remainder estate in said premises to the plaintiffs.

"The owner of the life estate failed to pay the taxes against the premises for the years 1918 to 1922 inclusive, and a tax deed was issued therefor to Dicae A. Munsell, to whom Francis E. Munsell conveyed the premises.

"Said tax deed shows that said premises were bid in by the county treasurer and a tax deed issued therefor on the same day, and said deed fails to show the amount for which said premises were bid in, and that no notice of final redemption of said premises was published as by law provided.

#### "Conclusions of Law.

"The tax deed issued to Dicae A. Munsell is void, and any lien for taxes is merged with the life interest of F. E. Munsell, to which she claims to have succeeded.

"The plaintiffs are the owners of the premises in question, subject only to an estate during the life of Francis E. Munsell.

"That the title of the plaintiffs to said premises, subject to an estate during the life of Francis E. Munsell, should be quieted against all the parties defendant in this action."

The attachment suit was by the First National Bank of Herington as plaintiff against J. O. Munsell as defendant. The writ of attachment was directed to the sheriff of Morris county and said:

"You are commanded to attach the lands, tenements . . . of the above named defendant, J. O. Munsell, in this county."

The sheriff's return on the writ of attachment recited:

"By virtue of said order, I attached said real estate at the suit of the within named plaintiff."

The journal entry of the judgment rendered on April 5, 1916, in the attachment action contained the following language:

"The court further finds that there is due from the defendant to the plaintiff, on both causes of action set up in plaintiff's petition, the sum of $3,874.35. . . .

"The court further finds that the following-described real estate situated in Morris county, Kansas, has been attached in this action, to secure the payment of said sum . . . and that said attachment is in conformity with the statute in such case made and provided in all respects, and said attachment is sus-

tained, and that the interest of the defendant ought to be sold to satisfy the claim of the plaintiff, . . . and that an order of sale should issue in this cause for that purpose.

"The court further finds that the interest of said defendant in said real estate is subject to the life estate of F. E. Munsell, and that after the termination of said life estate the defendant will be the owner in fee of said real estate.

"It is therefore ordered, adjudged and decreed that the said J. O. Munsell is indebted to the plaintiff in the aforesaid sum of $3,874.35, and that the plaintiff has an attachment lien on the interest of J. O. Munsell in said real estate, subject to the life estate hereinbefore mentioned. It is further ordered and adjudged and decreed that an order of sale issue out of the office of the clerk of the district court of this county to the sheriff of Morris county, Kansas, commanding him to sell all the right, title, and interest of the defendant in said real estate, subject to the life estate of F. E. Munsell, . . ."

The interest of James O. Munsell in the land was sold under that judgment. The record presented to this court does not show who was the purchaser. Other facts shown by the evidence were as follows: Charles H. Munsell, James O. Munsell and Edwin G. Munsell were the children of Francis E. Munsell. There were no children of deceased children. On April 7, 1926, Francis E. Munsell and his wife executed a warranty deed conveying the real property to Dicae A. Munsell, the wife of Charles H. Munsell. The present action was commenced May 12, 1926. Francis E. Munsell was the president of and the principal stockholder in the First National Bank of Herington, the plaintiff in the attachment action. That action was on two causes of action—one on a note for $910, dated February 26, 1914, signed by J. O. Munsell, given to the bank, and payment thereof guaranteed by F. E. Munsell. The other cause of action was on an account for $2,810.05 for money paid to various parties by Francis E. Munsell for James O. Munsell covering a period of time running from January 4, 1907, to June 1, 1914. That account was assigned to the bank by Francis E. Munsell shortly before the commencement of the action in February, 1916.

The part of the will of Oliver S. Munsell material for consideration at the present time read as follows:

"I hereby give, devise and bequeath to my son Francis E. Munsell, now of Herington, Kansas, an inalienable life estate in the following-described real estate lying and being in the county of Morris and state of Kansas, viz.:

"All of section twenty-five (25) in township fifteen (15) south of range seven (7) east, with all of its appurtenances, tenements and hereditaments, with reversion and succession, in fee simple, on his decease to the legal heirs of his body at the time of such decease, share and share alike."

The plaintiffs contend that Francis E. Munsell and his privies are estopped to claim title to the real property as against them by reason of the attachment of the real property at the suit of the First National Bank of Herington. Was the defendant Francis E. Munsell estopped by the attachment, by the judgment in the attachment action, or by the sale of the property in that action?

In *Ard v. Pratt,* 61 Kan. 775, 60 Pac. 1048, this court said:

"One who causes an execution to be levied on land as the property of another necessarily affirms that such other has a salable interest in the land, and will not be heard to deny such interest and title when the owner sets up a claim that the property levied on is a homestead and exempt from sale upon execution." (Syl. ¶ 1.)

In the attachment action judgment was procured declaring that after the termination of the life estate of Francis E. Munsell, James O. Munsell would be the owner in fee of that real property. Francis E. Munsell is bound by that judgment. It estops him from doing anything that will defeat that ownership in fee after the termination of the life estate. To hold otherwise would permit Francis E. Munsell, through the bank of which he was president and principal stockholder, to sell the land on order of sale, bid it in for the full amount of the judgment, and then defeat the rights of the redeemer from the sale by deeding the land to another person. In other words, Francis E. Munsell, by that means, would not only get the redemption money but would also in effect keep the land.

It follows that the judgment should be and it is affirmed.

HARVEY, J., dissenting.

BURCH, J. (concurring): I concur in the judgment of affirmance, but I desire to present what I regard as the important features of the case as they present themselves to me.

F. E. Munsell held under the will of his father, who died in 1905. F. E. Munsell took a life estate, remainder in fee to his sons, James, Charles and Edwin, or he took a fee tail. With the knowledge of their father, Charles and Edwin conveyed to James, and James conveyed to Charles and Edwin, just as if they were remaindermen, and on that theory the interests in the land in controversy were then a life estate vested in F. E. Munsell and the remainder in fee simple vested in James. James was married, but he had deserted his wife, Kate, and in the event Kate obtained a divorce, his remainder in fee was subject to appropriation for alimony.

James became indebted to the First National Bank of Herington on a note for $910, due August 26, 1914, on which interest was paid to September 1, 1915. The note was guaranteed by F. E. Munsell. In February, 1916, the bank took active measures to realize on this note. On February 9, James was sued on the note, and his interest in the land was attached. The land had a considerable margin of value above the amount of the bank's debt. In 1907, 1908 and 1909 F. E. Munsell paid out for James' account sums of money aggregating $2,000, and between 1909 and 1914 he paid out items amounting to $800 more. An account of these items was made up, which F. E. Munsell assigned to the bank on February 8, and the first cause of action in the bank's attachment suit was for this account, showing a total of $2,810.05. All the items except five, amounting to $280.55, were barred by the statute of limitations, and the great bulk of the account was made up of utterly stale claims.

James was served by publication, and defaulted. In April judgment was rendered awarding the bank a lien for $3,874.35, the land was ordered sold to satisfy the lien, and in due course the land was sold. The record of the attachment case shows the sale was made to F. E. Munsell's son, Charles. Meanwhile Kate Munsell's divorce action against James was commenced. On July 6 judgment was rendered in her favor, and James' interest in the land was awarded to her as alimony. The bank had moved too swiftly for her. All she could do was to redeem, which she did on October 14 by paying to the clerk of the district court $4,058.42. The judgment in the bank's case determined that F. E. Munsell's interest in the land was a life estate, and James' interest was remainder in fee. Therefore, on the face of the record, Kate's redemption was of the remainder in fee after termination of F. E. Munsell's estate.

Who was the First National Bank? Of course it was a corporation. But it so happened that F. E. Munsell was the principal stockholder; F. E. Munsell was president; and F. E. Munsell testified at the trial that he was the active manager of the bank's affairs during the period in which it bought from himself a lot of dead claims against James, and enforced them by attachment and sale of James' interest in the land.

F. E. Munsell testified he knew about the deed of his sons, Charles and Edwin, to his son James. The deed came conveniently to record on February 11, 1916, three days after F. E. Munsell assigned his account against James to the bank for suit. As the active

managing officer of the bank, F. E. Munsell was charged with knowledge that his bank procured a judgment declaring that he as an individual had only a life estate in the land and that James owned the remainder in fee; that the bank appropriated the remainder in fee, as such, to pay the claims against James which the bank bought of F. E. Munsell; and that Kate, the divorced wife of James, redeemed this remainder in fee.

The next move was that of F. E. Munsell, the life tenant, omitted to pay taxes from 1918 to 1922. His watchful daughter-in-law, Dicae Munsell, wife of Charles, took out a tax deed of the land, which reached the record on October 11, 1922. A good tax deed would extinguish both the life estate and the remainder.

In April, 1926, F. E. Munsell, satisfied creditor of James, manager of the satisfied bank, and adjudicated life tenant who had lost the land to his son's wife by forbearing to pay taxes, assumed a new role. He became tenant in fee tail under the will of his father. As tenant in fee tail, he made a conveyance to his daughter-in-law, which if effective would bar the entail and would avoid all the consequences of his manipulation of the bank's attachment suit, except Kate's advancement of the neat sum of $4,000, to redeem.

The tax deed was void. Dicae Munsell paid nothing for the deed to her. The question was whether a court of justice would sanction F. E. Munsell's use of his right hand as the hand of F. E. Munsell, an individual, and use of his left hand as the hand of the First National Bank, a corporation, for the purpose of appropriating this land and the $4,000 redemption money too.

While the district court made some findings of fact and conclusions of law, the judgment itself contains the following findings of fact:

"The court, after due consideration of the testimony produced at the trial of the above cause, and after due consideration of the written briefs presented by the counsel for the plaintiffs and the defendants, and their oral arguments in said cause, and after being fully advised in the premises, finds that the tax deed issued to Dicae A. Munsell is void, and that any lien for taxes has been merged with the life interest of F. E. Munsell, to which the said Dicae A. Munsell claims to have succeeded. That the plaintiffs are the owners of the premises described in their petition, subject only to an estate during the life of Francis E. Munsell."

It was not necessary that the district court frankly characterize the machinations disclosed by this record as fraudulent and, in my judgment, it properly answered the decisive question in the case by these findings.