In re Phillip Edward PIERSOL and Patricia Ann Piersol, Debtors.

Phillip Edward PIERSOL and Patricia Ann Piersol, Plaintiffs/Appellants,

v.

NORTHEAST KANSAS PRODUCTION CREDIT ASSOCIATION, and Kris L. Arnold, Trustee, Defendants/Appellees.

Bankruptcy No. 82–21040.
Civ. A. No. 83–2268.

United States District Court,
D. Kansas.

Dec. 12, 1983.

Rod L. Richardson, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for plaintiffs/appellants.

R. Michael Latimer, Skoog & Latimer, Ottawa, Kan., for defendants/appellees.

Kris Arnold, Kansas City, Kan., Trustee.

Carol Park, Wichita, Kan., Asst. U.S. Trustee.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This appeal from a decision of the United States Bankruptcy Court for the District of Kansas presents the question of whether non-contiguous parcels of farmland can be a homestead within the meaning of the Kansas Constitution, Article 15, Section 9, and K.S.A. 60–2301.

In a well-reasoned opinion, the bankruptcy court ruled that contiguity is a requirement of the Kansas law and therefore that a 150-acre parcel of non-contiguous farmland owned by appellants was not entitled to the homestead exemption. This court agrees.

Appellants, debtors in the bankruptcy action, own 160 acres of farmland in Franklin County, Kansas. They reside on a 10-acre parcel, of which they farm three acres. Appellants also own a 150-acre parcel approximately four miles away from their home.

It is this non-contiguous parcel which is the subject of the controversy herein.

Appellants claimed both the 10 acres on which they live and the 150 acres of farmland located four miles away as homestead property exempt from creditors under the Kansas Constitution and the statute. Northeast Kansas Production Credit Association objected to the claimed homestead on the 150 acres. The bankruptcy court allowed the 10-acre parcel as homestead, but would not allow an exemption as to the 150-acre tract.

The homestead exemption of K.S.A. 60–2301 states as follows:

"A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, or a mobile home, occupied as a residence by the owner or by the family of the owner, or by both the owner and family thereof, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon. The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife, when that relation exists."

The language of the constitutional provision is substantially the same.

■ The homestead laws of this state are to be liberally construed in favor of those claiming homestead. *In re Estate of Dittemore,* 152 Kan. 574, 106 P.2d 1056 (1940). The homestead provision was established for the benefit of the family and of society in order to protect the family from destitution and society from the danger of her citizens becoming paupers. *Anderson v. Shannon,* 146 Kan. 704, 73 P.2d 5 (1937).

■ Neither the Kansas Constitution nor the exemption statute specifically state that a homestead is limited to contiguous lands. Nevertheless, the Kansas cases plainly establish that the homestead cannot comprise non-contiguous tracts. *Meech v. Grigsby,* 153 Kan. 784, 113 P.2d 1091 (1941); *Commercial National Bank v. Carnahan,* 128 Kan. 87, 276 P. 57 (1929); *Linn County Bank v. Hopkins,* 47 Kan. 580, 28 P. 606 (1892); *Randal v. Elder,* 12 Kan. 257 (1873).

The reason for the limitation stems from the meaning Kansas courts have attributed to the word "homestead." In reaffirming that under Kansas law a homestead must consist of only one tract of land, the Kansas Supreme Court said long ago that "[a] homestead is defined to be a person's dwelling place, with that part of his landed property which is about and contiguous to it. Contiguous means touching sides, adjoining, adjacent." *Linn County Bank, supra,* 47 Kan. at 582, 28 P. 606.

■ Appellants contend that the above-cited cases, relied on by the bankruptcy court as the basis of its decision, are inapposite in deciding the case at bar. They note that all of the cases were decided many years ago and may not be applicable to the fact situation at bar and the shifting needs of this state's citizens. They contend that the constitution and statute should be interpreted more liberally than the earlier cases were so as to further protect the debtor and his family.

Appellants propose the theory that this court should interpret the purposes behind the homestead exemption to include providing a farmer with a means of supporting his family. Under this theory, appellants contend, the requirement of contiguity would defeat the purpose of providing a means of support for a farmer's family.

This court believes that such a reinterpretation of the clear holdings of the established cases requiring contiguity is better left to the state legislature than to this federal court. The courts of this state have traditionally defined homestead property as a person's dwelling and the land contiguous to it, and such a long-standing definition

will not be disturbed in this instance by this court.

IT IS BY THE COURT THEREFORE ORDERED that the judgment of the bankruptcy court herein is hereby affirmed.