CHARLES KASTNER v. KARL BENZ.

No. 13,242.    (73 Pac. 67.)

SYLLABUS BY THE COURT.

LICENSE— *Stairway* —*Not Revocable.*    An oral license to the owner of a two-story building permitting access to his second story by a stairway of an adjoining owner and through a party wall, which was given for a valuable consideration and in reliance upon which the licensee has expended money or labor in altering his own premises to conform to this arrangement, is not revocable.

Error from Saline district court; R. F. THOMPSON, judge.    Opinion filed July 10, 1903.    Affirmed.

*Z. C. Millikin,* for plaintiff in error.

*David Ritchie,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: One Garverich and one Hanna owned adjoining lots in Salina.    Garverich built a two-story brick building on his lot with a partition wall for the use of both lots standing six inches over the line on Hanna's lot.    This was done under a written contract providing that Hanna or his assigns should have the right to use this wall and to join a building to it upon paying half its cash value to Garverich or his assigns. This contract was not recorded, and without actual knowledge of it Kastner bought Hanna's lot, receiving an ordinary warranty deed.    Benz bought Garverich's lot.    In 1902 Kastner built a two-story brick building on his lot, using the partition wall referred to, and extending it upward a few feet and backward about ten feet.    This was done under an agreement between Benz and Kastner, the terms of which are in dispute, but the claim of Benz (which has some evidence to

support it, and so, in view of the ruling of the tria court, it must be accepted for the purposes of this pro ceeding) is that he permitted Kastner to join to the wall and make these changes under an agreement that Kastner should in consideration thereof place a stairway in the building he was about to erect and permit Benz to use it permanently for access to the second-story of his building, and that in view of this arrangement Kastner made certain alterations in his own premises. After the completion of the building Benz was permitted to use the stairway for a month or two, when Kastner concluded to close the opening through which Benz entered the second-floor of his building from the stairway, by filling in his half of the wall across such opening. Benz began a suit to enjoin Kastner from closing such opening.  pon oral evidence a temporary injunction was granted, and this proceeding is brought by Kastner to reverse such order.

It is contended by plaintiff in error that it was error to admit in evidence the written contract between Hanna and Garverich. As the contract was not recorded and no attempt was made to prove that Kastner had actual notice of it, it was not binding upon him. (*Sharp v. Cheatham*, 88 Mo. 498, 57 Am. Rep. 433 ; *Brower v. Williams*, 44 N. Y. App. Div. 377, 60 N. Y. Supp. 716.) The existence of the wall, built partly on the lot purchased by him, was not inconsistent with the record title, and its use by the adjoining lotowner did not constitute an adverse possession. (*Winn v. Abeles*, 35 Kan. 85, 10 Pac. 443, 57 Am. Rep. 138.) But we do not regard the admission of the contract at the hearing on the application for a temporary injunction as prejudicial error. However, the release of Kastner from an assumed obligation to pay

half the value of the wall before using it himself could constitute a consideration for the subsequent oral contract. There was, nevertheless, a sufficient consideration apart from this. Granting that Kastner had a right to raise the party wall without the consent of Benz (22 A. & E. Encycl. of L., 2d ed., 247), he had no such right to extend it to the rear, as was done. (Id. 248.) The permission granted him by Benz to do so was therefore a good consideration for the agreement that Benz might have access to his second story by means of Kastner's stairway.

The question is therefore fairly presented whether an executed parol license which was given for a valuable consideration, and upon the strength of which the licensee has expended money or labor, may be revoked at the pleasure of the licensor. The English courts hold that such a license is revocable. In this country there are two lines of decisions, substantially equal in number and authority. The English and American cases are cited in very full notes in the eighteenth volume of the American and English Encyclopedia of Law, second edition, at pages 1145 to 1147. The question being new in this court, we adopt the reasoning that impresses us as being more in keeping with modern ideas of equitable principles as well as with natural justice. Cases can readily be imagined where the revocation of a license in reliance upon which the licensee has changed his own situation might work the gravest fraud, injustice, and injury. Under the plaintiff's theory of the facts in the present case, the denial by the defendant of plaintiff's right to use the stairway after the latter had consented to the extension of the party wall upon his land and altered his own building to conform to the new arrangement is unconscionable. Accepting plaintiff's evidence as

true, we hold that defendant is estopped from revoking the license.

The decision of the trial court is affirmed.

All the Justices concurring.