McKim v. Carre.

---

EBENEZER B. McKIM v. THOMAS L. CARRE.

No. 14,371.    (83 Pac. 1105.)

SYLLABUS BY THE COURT.

HIGHWAYS—*Prescription—Condemnation under a Void Statute —Election of Remedies.* The fact that one who claims to have acquired by prescription a right of way across the land of his neighbor institutes proceedings under a void statute to have the land condemned for a private road for his benefit is not such an election of remedies as will preclude him from thereafter asserting such prescriptive right.

Error from Brown district court; WILLIAM I. STUART, judge. Opinion filed December 9, 1905. Affirmed.

*Sample F. Newlon,* and *James Falloon,* for plaintiff in error.

*Ryan & Ryan,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: In 1878 Thomas Harding owned the southeast quarter of a section of land, and Martha Carre owned the northeast quarter of the southwest quarter of the same section. A public highway followed the south line of the section. Harding and Mrs. Carre made an arrangement by which she was permitted to use a strip of ground twenty feet wide, lying just east of the half-section line, in going and coming between her place and this highway. She so used it until she sold the property to her son, T. L. Carre, in 1899, after which he continued such use. In 1902 E. B. McKim bought the Harding land, and in 1903 he began a suit to enjoin the further use by Carre of the strip in question, and to quiet his own title to it. He was denied relief, and now prosecutes error.

There was testimony that the arrangement between Harding and Mrs. Carre amounted to an agreement that she should have a right of way over this strip— which he would fence—to the highway, in consideration of her keeping up the whole of the line fence between her place and Harding's. The plaintiff claims that whatever right was acquired under this contract was a license and not an easement, and was revocable at the pleasure of the grantor. It has been held in this state that even an oral license may be irrevocable, where it is given for a valuable consideration and is acted upon by the licensee. (*Kastner v. Benz,* 67 Kan. 486, 73 Pac. 67.) It is not necessary to determine whether the privilege granted to Mrs. Carre was revocable, if viewed as a license, or to consider the nice distinctions between a license and an easement. There was some conflict in the testimony as to what the original agreement was, and as to what was done under it. The plaintiff insists that the use of the way as

an outlet for the Carre land was permissive only, and could not ripen into an easement. There was sufficient evidence, however, to justify the trial court in finding, as it did, that the defendant and his predecessor traveled back and forth over the strip—which was fenced off by the plaintiff's grantor, and is described by the witnesses as a lane—under a claim of right, and that their use of it was adverse, and, having been continued for more than fifteen years, resulted in a permanent right.

A further claim is made by the plaintiff that even if Carre at one time had a right to keep the lane open he had forfeited it by his subsequent conduct. This is based upon the fact that when a dispute first arose concerning the matter McKim offered to grant Carre a roadway for $75. Carre answered that he would rather pay this than to get into any trouble. He then prepared and presented a petition to the county board reciting that he had no outlet from his place and asking that a private road be established for his benefit along the strip in controversy, under the provisions of sections 6053, 6054 and 6055 of the General Statutes of 1901. The petition was acted upon and viewers were appointed, who assessed McKim's damages at $1000. This Carre refused to pay and the proceeding was dropped.

The contention is that these acts on his part precluded him from the further assertion of any right by prescription, or under the original contract, because they amounted to an election on his part to pursue one of two inconsistent remedies. The argument is made that when McKim forbade his use of the lane two remedies were presented for his choice—he might rely upon the contract and adverse use and by injunction or other appropriate proceeding compel McKim to recognize his right thereby acquired, or he might by petitioning for a private road in effect ask the county commissioners to compel McKim to grant him such a right for a compensation to be fixed by appraisers.

If the argument is otherwise sound, it fails for this reason—the statute under which Carre invoked the aid of the commissioners is unconstitutional, and all the steps taken under it were wholly void. (*Clark v. Mitchell County,* 69 Kan. 542, 77 Pac. 284, 66 L. R. A. 965.) In order for a party to be concluded by an election between two inconsistent remedies both must in fact be open to him. The pursuit of a remedy which he supposes he possesses, but which in fact has no existence, is not an election between remedies but a mistake as to what remedy he has, and will not prevent his subsequent recourse to whatever remedial right was originally available. (15 Cyc. 262; 7 Encyc. Pl. & Pr. 366.)

McKim was in no way misled or injured by what was done under the invalid act, and there is no room for the application of any principle of estoppel. Carre's statements made in his road petition were of course evidence against him, and strong evidence, but they were not absolutely conclusive. The trial court presumably gave them all the weight to which they were entitled and nevertheless found in his favor. No reason appears for overturning that decision. The judgment is affirmed.

All the Justices concurring.