E. L. SMYRE, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF KIOWA, *Appellee.*

No. 18,204.

SYLLABUS BY THE COURT.

1. ADJOINING BUILDINGS—*Access to Second Story by One Stairway—License to Use—How Established.* A license to the owner of a building permitting access to his second story by a stairway of an adjoining owner may be established by parol evidence of subsequent ratification as well as by evidence of precedent authority.

2. ——— *License to Use Stairway is Transferable.* When such license has been so far executed that a revocation thereof would be a fraud upon the rights of the licensee, an equitable right arises capable of being transferred to third persons and binding on all parties who claim through or under the licensor with notice.

3. ——— *Acquiescence May Constitute License to Use a Stairway.* Where two persons who own adjoining lots have erected thereon a building according to a common plan by which the only access to the second story of the part belonging to one of them is through a hall and stairway built wholly upon the part belonging to the other, the acquiesence by the latter in the contined use of such passageway by the former will constitute a license.

4. ——— *Subsequent Owner — Continued Use of Stairway — License Implied.* Where a subsequent owner of the premises upon which the stairway was erected, with full knowledge of the facts, permits the continued use of the same by the adjoining owner, a license will be implied from his failure to object.

Appeal from Kiowa district court. Opinion filed May 10, 1913. Affirmed.

*Frank L. Martin,* and *Van M. Martin,* both of Hutchinson, for the appellant.

*L. M. Day,* of Greensburg, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Plaintiff sued to recover rent for the use of a hall and stairway which furnishes access to the upper part of a building occupied by the county for a court room and for county offices. From a judgment in favor of defendant the plaintiff appeals.

Lots 10, 11 and 12 of block 45 in the city of Greensburg extend east and west 140 feet, and are each 25 feet wide. In 1887, when the building in question was erected, C. W. Myers owned lots 10 and 11 and the east 66 feet of lot 12. The Bank of Greensburg owned the west 74 feet of lot 12. The building was erected by Myers and the bank. It is constructed of brick; it covers the three lots, and is two stories above the ground except that part formerly owned by the bank, which is three stories. The diagram, on page 666, shows the arrangement of the second story:

The stairway and hall in controversy is on the south side of lot 11, and it affords the only means of access to that portion of the building which belonged formerly to the bank and which has been occupied by the county for the use of county officers and as a court room ever since the building was erected. Myers mortgaged his part of the building. Plaintiff purchased the mortgage and in 1900 foreclosed it. Prior

thereto the county acquired the part of the building owned by the bank. The county was made a defendant in the foreclosure, and a default judgment was rendered against it in favor of the plaintiff, barring it from all right, title and interest in that part of the building erected by Myers, and in September, 1900, a sheriff's deed under the foreclosure issued to the plaintiff. The county has continued to make the same use of the hall and stairway since the execution of the sheriff's deed as before.

The appellant contends that he is entitled to a reasonable rental from the county for the occupancy of the hall and stairway under the statute which provides that:

"The occupant without special contract, of any lands, shall be liable for the rent to any person entitled thereto." (Gen. Stat. 1909, § 4709.)

He further contends that if, as the county claimed in its answer, there was some arrangement or agreement, express or implied, between the bank and Myers

by which the bank acquired the right to the free use of this passageway, such right was barred in the foreclosure suit to which the county was a party.

The contentions of the county are, that in the erection of the building by the former owners, under a common plan, the owner of the bank building acquired an executed license to use the hall and stairway as the only means of access to the upper floors of his part of the building; and that the judgment in the foreclosure suit did not bar the county from this right. A further contention is, that if the foreclosure cut off its right to such use, the county since then, by the acquiescence of the plaintiff in its continued use, has an implied license to use the hall and stairway, which estops the plaintiff from claiming rent therefor. The county also insists that its use of the hall and stairway is not, and never has been, such an occupation of the lands as to entitle plaintiff to a claim for rent under the statute.

On the trial, which was to the court, the defendant was permitted, over the objections of plaintiff, to prove by the attorney who foreclosed the mortgage that he made the board of county commissioners defendants solely for the reason that the county was at that time the owner of a judgment against Myers; and that he was not then aware of the fact that the hall and stairway was on the premises described in the mortgage.

The defendant claims that the admission of this evidence was error; that it amounted to a collateral attack upon the foreclosure decree; and that, notwithstanding it, the decree of foreclosure must be held to have barred any right of the county to the use of the passageway.

The real question, which we regard as decisive of the entire case, is whether or not, in the circumstances under which the building was erected, the use of the hall and stairway by the defendant with the acquiescence of the owner was such that a jury, or the court sitting as a jury, would be warranted in finding that a

license was created? The usual definition of a license of the character under consideration is:

"Authority given to do some act, or a series of acts on the lands of another without passing any interest in the land." (Anderson, Law Dictionary.)

Substantially the same definition is given by Bouvier. (See, also, 25 Cyc. 640.) A license differs from a lease, and also from an easement.

"The test to determine whether an agreement for the use of real estate is a lease or a license is whether the contract gives exclusive possession of the premises against all the world, including the owner, in which case it is a lease, or whether it merely confers a privilege to occupy under the owner, in which case it is a license, and this is a question of law arising out of the construction of the instrument. If the contract is for the exclusive possession and profits of the land, it is a lease and not a license no matter in what medium the rent is to be paid. A mere permission to occupy the land of another for any purpose is a license and not a lease, or easement." (25 Cyc. 640, 641, and cases cited in notes.)

It is well settled that oral testimony is sufficient to establish a license, while on the other hand it is the general rule that an easement is within the statute of frauds and must be in writing.

In *Randal v. Elder,* 12 Kan. 257, it was held that a parol license creates no interest or estate in lands. And that is the reason that no formality is required in the creation of a license. In *Kastner v. Benz,* 67 Kan. 486, 73 Pac. 67, this court held that a license to the owner of a building permitting access to his second story by a stairway of an adjoining owner could be established by parol evidence, and in that case, it appearing that the license had been given for a valuable consideration and upon the strength of which the licensee had expended money in the alteration of his own building, it was held that the license was irrevocable. Many additional authorities might be cited in support of the doc-

trine that when a license has been so far executed that a revocation of it would be a fraud upon the rights of the licensee, an equitable right will arise capable of being transferred to third persons, and binding on all parties who claim through or under the licensor with notice. (See cases cited in notes, 25 Cyc. 646.)

It has been held, likewise, that an oral license may be established by evidence of subsequent ratification as well as by precedent authority. (*Metcalf v. Hart,* 3 Wyo. 513, 31 Pac. 407, 31 Am. St. Rep. 122.)

"When the owner of land, with full knowledge of the facts, tacitly permits another repeatedly to do acts upon the land, a license may be implied from his failure to object." (25 Cyc. 642; *Metcalf v. Hart,* supra; *Pevey v. Skinner,* 116 Mass. 129.)

Applying the foregoing principles to the facts of this case it is, we think, plain that the use of the hall and stairway by the defendant in common with the owner of the adjoining property for many years created a parol license which, in view of the erection of the building by the former owners apparently by a common plan, should be held to be an irrevocable license. The permanent construction and arrangement of the defendant's portion of the building by its predecessor in title without a separate means of access to the second story, involving necessarily the expenditure of money, together with the advantages naturally accruing to the different owners from the erection of the building according to mutual plans, furnished a valuable consideration, and the case falls within the rule declared in *Kastner v. Benz,* 67 Kan. 486, 73 Pac. 67, where a similar license was held irrevocable.

It is equally clear, from a consideration of the principles referred to, that the license never arose to the dignity of an interest or estate in the land. Whether it was or might have been cut off by the decree of foreclosure it is unnecessary to decide, for the reason that plaintiff's acquiescence in the common use of the pas-

sageway since the foreclosure and the execution of the sheriff's deed is sufficient of itself to establish a renewal of the license, if the original right were held to have been cut off by the decree.

Another consideration which defeats the right of plaintiff to assert a claim for rent under the statute is, that the defendant's use of the stairway and hall has always been in common with that of the plaintiff. There has been no exclusive occupancy which is essential to the relation of landlord and tenant.

The judgment will be affirmed.