No. 27,202.

H. W. Page et al., *Appellees*, v. Mrs. John Lydic, *Appellant*.

SYLLABUS BY THE COURT.

License—*Termination—Executed Oral License Involving Expenditure—Erection of Partition Wall Dividing Agreed Common Stairway.* The owner of two adjoining lots in Topeka erected a two-story building thereon and placed the stairway to the upper story partly on one lot and partly on the other. Afterward one person acquired title to one lot and another person acquired title to the other lot. The owners of the two lots then orally agreed with each other that one of them would repair the hallway containing the stairway to the upper story and the other one would afterward keep it in repair. That agreement was performed by both parties. Later one of the parties began the erection of a partition wall dividing the stairway. *Held*, that the other party was entitled to an injunction to restrain the erection of the partition wall; that each one had the right to use the whole of the stairway, and that neither of the owners could exclude the other from that use of it.

Appeal from Shawnee district court, division No. 2; George H. Whitcomb, judge. Opinion filed March 12, 1927. Affirmed.

*B. F. Messick, A. E. Crane* and *A. H. Crane,* all of Topeka, for the appellant.

*W. E. Atchison, H. W. Page* and *Ira Burkholder,* all of Topeka, for the appellees.

The opinion of the court was delivered by

Marshall, J.: The plaintiffs commenced this action to enjoin the defendant from constructing a partition wall in a stairway in a building, part of which was owned by the plaintiffs and the other

Licenses, 37 C. J. pp. 291 n. 50, 292 n. 51; 25 L. R. A. n. s. 729; 17 R. C. L. 578.

Page v. Lydic.

part of which was owned by the defendant. Judgment was rendered in favor of the plaintiffs, and the defendant 'appeals.

The court made findings of fact as follows:

"The court . . . being fully and duly advised in the premises finds that all the material allegations in plaintiffs' petition and reply are true; that the hall and stairway described in plaintiffs' petition on lots 385 and 383 on Kansas avenue, in the city of Topeka, Kansas, owned respectively by plaintiffs and defendant, were both owned by the party erecting the building on said lots and were intended to and were used in common for the mutual benefit of all the rooms on the second floor of the building on said lots for many years.

"That after the conveyance of said lots to plaintiffs and defendant five or six years ago, the former use of said hall and stairway was continued and an oral agreement or arrangement made by and between plaintiffs and defendant under which plaintiffs spent about $100 in repairing and placing said hall and stairway in proper condition; in consideration of which defendant undertook to keep said hall and stairway clean and to redecorate the same when necessary; that pursuant to said agreement and after plaintiffs had made said repairs, defendant kept said hall clean for at least part of the time and did some painting and work on the same.

"The court further finds that part of said hall and stairway, to wit: about eleven inches, is upon the property of the plaintiffs and that about thirty inches is upon the property of the defendant.

"The court further finds that by reason of the matters hereinbefore stated that plaintiffs and defendant have an oral license to the full, free and complete use of said stairway and hall.

"The memorandum of findings by the court, filed herein on the 31st day of December, 1925, are by reference made a part of this journal entry as fully and completely as if incorporated herein."

In the memorandum of findings filed December 31, 1925, to which reference was made in the journal entry above set out, the court said:

"Under these facts, the question is whether the defendant now has a right to build a partition upon the boundary line between the two lots and exclude the plaintiffs from the use of that portion of the hall and stairway upon her premises. Some evidence has been introduced with relation to the character of tenants to whom the plaintiffs propose to lease the second story of their building. However, no question as to that matter can properly be considered by the court at this time. If the plaintiffs have the right to use the common stairway and hall they should recover in this case. If they make an improper use of the property, the defendant will have a right to relief in other proceedings."

The defendant contends that the plaintiffs had no right to the use of the entire stairway, and cite cases holding that a license will

not ripen into an easement by prescription.   The present action comes within the rule declared in *Kastner v. Benz,* 67 Kan. 486, 73 Pac. 67, and *Smyre v. Kiowa County,* 89 Kan. 664, 132 Pac. 209.

In *Kastner v. Benz,* supra, it was said that:

"An oral license to the owner of a two-story building permitting access to his second story by a stairway of an adjoining owner and through a party wall, which was given for a valuable consideration and in reliance upon which the licensee has expended money or labor in altering his own premises to conform to this arrangement, is not revocable."

In *Smyre v. Kiowa County,* supra, this court said:

"A license to the owner of a building permitting access to his second story by a stairway of an adjoining owner may be established by parol evidence of subsequent ratification as well as by evidence of precedent authority.

"Where two persons who own adjoining lots have erected thereon a building according to a common plan by which the only access to the second story of the part belonging to one of them is through a hall and stairway built wholly upon the part belonging to the other, the acquiescence by the latter in the continued use of such passageway by the former will constitute a license.

"Where a subsequent owner of the premises upon which the stairway was erected, with full knowledge of the facts, permits the continued use of the same by the adjoining owner, a license will be implied from his failure to object."

In 37 C. J. 291 the principle under consideration is discussed and it is said:

"By the strict rules of the common law, a license, even though at least partly executed, is revocable without reference to the situation in which the licensee stands.  But there is a conflict in the authorities as to the general effect of the execution of a parol license, and the making of expenditures in reliance thereupon, upon the equitable power of the licensor to revoke, the authorities generally supporting two conflicting rules.  It has been said, however, that this conflict is more apparent than real, and that no general rule can be made as to the revocability of licenses in such cases, each case depending upon the nature of the license and other circumstances, and upon whether a revocation in a given case would amount to a fraud upon the rights of the licensee.

"In some jurisdictions, where the licensee has acted under the license in good faith, and has incurred expense in the execution of it, by making valuable improvements or otherwise, it is regarded in equity as an executed contract and substantially an easement, the revocation of which would be a fraud on the licensee, and therefore the licensor is estopped from revoking it."

The last rule declared is the one that has been followed in this state.

The judgment is affirmed.