## East Penn Realty Co. *v.* Van Osten.

Argued December 16, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*David R. Griffith, Jr.,* and with him *Evelyn Latta Lutes,* for appellants.

*Wayne P. Rambo,* and with him *Robert Mair* and *Ormond Rambo,* for appellees.

OPINION BY TREXLER, P. J., March 3, 1933:

This appeal arises out of proceedings to obtain possession of real estate bought by the plaintiff at sheriff's sale. The petition presented to the court inter alia recites the entry of judgment on a bond accompanying a mortgage, the issuing of a fi. fa., the purchase of the property describing it by metes and bounds, a deed poll from the sheriff to the purchaser, and a demand for possession and the refusal of the tenants to yield it. A rule was entered on the persons in possession to show cause why delivery of the property so purchased should not be made. The answer of the two tenants, one of them speaking for both, alleges that on June 4, 1923, a date preceding the entry of the mortgage under which by virtue of the judgment entered on the accompanying bond the land was sold, they leased the premises from the then owner, naming her, and that said lease had an automatic renewal clause, and that since January 1925 they had an equitable ownership in said premises antedating the mortgage, that they were unable to set forth a copy of the lease for they never had one, neither have they been able to obtain one.

The attempt to recover possession of the property was under the Act of April 20, 1905, P. L. 239, and in section five of the said act (12 P. S. 2576) there is set out what the respondent or intervenor to the rule provided for by the act is required to state in his answer if he claims to be a tenant for years. The section reads as follows: "If such respondent or intervenor shall aver a right as tenant for years, paramount as to the possession to the right of petitioner, he shall set forth, particularly, when his terms commenced, how long it was to last, what the rent is, and where and how it is to be paid; and he shall attach a copy of the lease, if there be one in his possession or obtainable by him; and he shall also tender a willingness to ex-

ecute with petitioner a lease for the balance of the term of letting, upon the terms and conditions of his then present tenancy, and such tender shall be made though the prior lease was verbal only, or a copy thereof, if in writing, is not obtainable.''

Judge STERN of the lower court very properly held that the answer was deficient, and contained no valid defense. It will be noticed that the answer gives no statement as to the attempts made to secure a copy of the lease, it fails to set forth any of the conditions or provisions of the lease and the duration of the term thereof; what the ''automatic renewal'' was, is left entirely to inference. Judge STERN states: ''The answer also avers that the respondents in January, 1925, 'acquired an equitable ownership in said premises,' but there is not a word as to the nature of such equitable ownership, nor how it came into being, nor what rights it conferred upon the respondents. Not only, therefore, does the answer fail in all respects to comply with section five of the Act of 1905 above referred to, but it is so lacking in any presentation of a substantive defense that it seems to have been filed for the mere object of delay.'' We may add that the tenants have expressed no ''willingness to execute with petitioner a lease for balance of the term of letting upon the terms or conditions of his [their] then present tenancy,'' as provided in the above quoted section. If the tenants had a valid defense they should have disclosed it. As none appears in the answer filed, the judgment of the lower court must be affirmed.

Judgment affirmed. Appellants to pay the costs.