No. 34,800

The Abildgaard Hardware Company, *Appellee,* v. Frank R. Nevitt, Wilbur D. Nevitt, Catherine M. Nevitt, et al., *Appellants.*

(102 P. 2d 964)

Opinion filed June 8, 1940.

*Robert G. Braden,* of Wichita, for the appellants.

*H. W. Goodwin* and *W. H. Schwinn,* both of Wellington, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action on a promissory note. Judgment was for plaintiff. Defendants appeal.

There is very little dispute about the facts. On June 26, 1934, Nevitt Brothers, a partnership, who are the defendants in this case, together with the executor of the estate of one of the brothers, gave a note for $300 to the plaintiff. The note read as follows:

"For value received, I promise to pay Abildgaard Hdw. Co. or order, at Oxford, Kan., the sum of three hundred and no/100 dollars in installments in the amounts and at the times stated in the schedule of installments endorsed hereon and made a part hereof with interest at ............ percent from date until maturity. After maturity each installment shall draw interest at 10 percent.

"This note is for a/c $554.68 in consideration of the payment of $300 on or before August 1, 1934.

"The endorsers, sureties and guarantors severally waive presentment for payment, protest, notice of nonpayment and diligence."

Attention is called to the language written on this note as follows:

"This note is for a/c $554.68 in consideration of the payment of $300 on or before August 1, 1934."

This note was never paid. On August 6, 1937, a lawyer for the payee of the note wrote Nevitt Brothers with reference to this account and did not mention the note. This letter contained the following paragraph:

"He states that he now wishes to bring this matter to a conclusion and for the purpose of effecting an immediate and friendly settlement of this old account, he will accept the sum of $250, providing said payment is made this coming week, and upon or before August 14, 1937."

The petition stated the essential facts about the making of the note and that it had not been paid, attached a copy of the note, and prayed for judgment.

The answer was first a general denial; that there had been a failure of consideration for the note; that the account upon which it was based had been satisfied; that defendants had taken the position on several occasions that the note was unenforceable because of failure of consideration and conditions set out in it and defendants had relied on this and misplaced valuable evidence, and on that account plaintiff was estopped from attempting to enforce it, since the claim on which the note was based was barred by the statute of limitations before this suit was brought (G. S. 1935, 60-306).

The reply was a general denial.

The jury was waived and the cause submitted to the trial court. The plaintiffs introduced the note and rested. The demurrer of defendants to the evidence of plaintiff was overruled.

The defendants then put a lawyer on the stand and attempted to show by him that he had been employed by plaintiff to collect the account in question and had attempted to do so. The objection of plaintiffs to this testimony on the ground that it was privileged was sustained. Letters written to defendants by the lawyer were offered, and objection of plaintiff to their introduction sustained. The defendants then put plaintiff on the stand. The objection of plaintiff to his testimony about the transactions between the plaintiff and the lawyer was sustained. Finally the defendants were allowed to establish by the lawyer that he had been hired by plaintiff and that he had sent two letters to defendants. These letters were offered, and the objection of plaintiff to their admission was sustained. The letters were later identified and offered and are in the record that is

brought here. One of them contained the paragraph to which reference has been made in this opinion. It was sent on August 6, 1937. With this testimony the defense rested. Whereupon the court rendered judgment for plaintiff for the amount of the note with interest. The defendants asked for a new trial on account of accident and surprise; because the lawyer was not permitted to testify; because the letters written by the lawyer were excluded; and because the decision was contrary to the evidence.

On this appeal the defendants argue that the clause appearing on the face of the note imparted to it a clear conditional character, that when payment was not made according to the terms of the note the plaintiff had the option either to recover on the account or to sue on the note and that it waived any right to recover on the note when it chose to seek collection on the account at a time subsequent to the failure to pay the note on the date due. In the consideration of this argument we will treat the question as though the letters written by the lawyer had been admitted. This letter was clearly an attempt to compromise the account with no reference to the note. Our question is, Did this letter, written after the note was due, constitute a waiver of the right of plaintiff to collect on the note? Defendants state the rule to be that a waiver occurs—

"Where one in possession of any right, whether conferred by law or by contract, with full knowledge of the material facts, does or forbears to do something, the doing of which or the failure or forbearance to do which is inconsistent with the right or his intention to rely upon it." (67 C. J. 291.)

They argue that at the time when the plaintiff sought to exercise its right to collect on the account by writing the letter to which reference has been made, it did an act which was inconsistent with its right to collect on the note. But, was this action inconsistent with such right? As defendants state, each case must be decided upon the facts peculiar to it. In this connection it should be noted that the attempt to collect on the account was really an attempt to compromise the indebtedness, since plaintiff offered to take $250, which was less than half of the amount of the account, and $50 less than the amount of the note. It is not difficult to understand why this was done. The offer was for a cash settlement. No doubt the plaintiff preferred a cash payment of $250 to a note which might have no cash value except at the end of a lawsuit. The fact that in the letter no mention was made of the note is of no particular consequence. Neither does it matter in this connection that the statute

of limitations had run upon the account when the offer of compromise was made. It is not unusual for the holder of indebtedness upon which the statute has run to offer to the debtor an opportunity to keep his credit good by paying the debt at a liberal discount.

The action of plaintiffs in sending the letter even if it be treated as an attempt to collect on the account cannot be considered inconsistent with its right to sue on the note. At the very worst, since the account was barred by the statute of limitations, when the letter was written it was merely a mistake as to the remedy it had. The rule has been stated in *McKim v. Carre*, 72 Kan. 461, 83 Pac. 1105, as follows:

"In order for a party to be concluded by an election between two inconsistent remedies both must in fact be open to him." (p. 464.)

See, also, *Axe v. Wilson*, 150 Kan. 794, 96 P. 2d 800. Here the plaintiff had no choice. The statute had already barred its right to collect on the account. Hence its act in attempting to collect it did not bar it from pursuing the remedy it did have of bringing suit on the note.

The judgment of the trial court is affirmed.