## Wm. Griswold *et al.* v. W. J. Huffaker.

Homestead — *What Constitutes* —*Highway*—*Dedication*—*Estoppel.* The owner of a strip of land, whose acts have been such as to estop him from denying that it is a public road, and have induced the public to use it as such, and have caused the officers of the township and the overseer of the road district in which it is situate to work and improve it, is entitled to hold as a homestead a tract of land on both sides of such strip of land, consisting of less than 30 acres. (*Griswold v. Huffaker,* 47 Kas. 690, affirmed.)

*Motion for Rehearing.*

The facts appear in the opinion herein, filed April 9, 1892.

*Hutchings & Keplinger,* for the motion.
*McGrew & Watson,* contra.

*Per Curiam:* It is conceded that the injunction asked for by the plaintiff below should be denied, unless the premises levied upon were a part of his homestead at the time of the levy. In 1860 a strip 90 feet in width separated the two tracts of land which are claimed by plaintiff below as his homestead. This strip at that time was a street in Quindaro. If these 90 feet, or if 60 feet thereof, was a public street in Quindaro at the time of the levy, then the homestead did not extend on both sides of the same.

"Whenever several lots or pieces or parcels of land claimed to be held and occupied as a homestead are not contiguous, but are separated by lands in which the person claiming the homestead has no title or interest, as by lands owned by another, or by a street, alley, or other public ground in a town or city, such several lots or pieces or parcels of land cannot be included in or constitute one and the same homestead." (*Randal v. Elder,* 12 Kas. 257.)

"If, however, the 90-foot strip had been vacated, or if all of it not vacated was a public highway merely, the homestead could extend on both sides. An easement may be created upon or through the land, such as a common road, a railroad, or a

water privilege, without in any manner affecting its character as a homestead." (*Randal v. Elder*, supra.)

On the 30th day of August, 1873, a petition containing a description of the land in controversy, signed by plaintiff below and nine others, was filed in the office of the county clerk of Wyandotte county, and presented to the board of commissioners of that county, asking that the lots, blocks, streets and alleys within the boundaries therein described, in the town of Quindaro, not occupied for the purposes of a town or village, be vacated, with the exception of 60 feet on the west side of Kansas avenue, from Walnut avenue to Seventh street, a part of the strip above referred to, which they asked to be declared a public highway.   On the 3d of September, 1873, this petition was considered by the board of county commissioners, and then the matters were continued for final hearing until the 9th of October, 1873.   On that day it was shown to the board that all the parties in interest had had due notice and consented thereto.   Thereon the board allowed the prayer of the petitioners, and vacated the several portions of the town-site of Quindaro and the additions thereto, as fully described in the order.   By that order it was understood that the 30-foot strip was absolutely vacated, and the 60-foot strip vacated as a public street and changed to a public highway.

Since 1873 a part of what was designated as Kansas avenue on the plat of the town-site of Quindaro has been used as a public highway, and has been worked and kept in repair by and under the supervision of the road overseer of one of the road districts of the township of Quindaro, within the limits of which the land is situated, and by the township officers of the township, the same in all respects as other roads and highways in the road district.   The levy was not made until the 31st day of January, 1888.   The judgment upon which the levy was made was rendered on the 1st day of August, 1887.   The 30-foot strip was considered by all of the township and county officials as vacated from the 9th of October, 1873, and the 60-foot strip was considered by the township and county officials as vacated as a public street from the 9th of October, 1873.

Thereafter the 60-foot strip was used and occupied as a highway only, for about 14 years before the levy.

It seems to be admitted in the brief filed for a rehearing that the board vacated 30 feet of the strip, or at least attempted so to do. The only defect alleged in the vacation as to the 30 feet is the want of official or proper notice; but this defect cannot apply to parties who were present and consented, nor can it apply to any creditors of these parties, if they seek to step in and stand in their shoes. If the board had authority, upon proper notice or publication being given, to vacate 30 feet of the strip, it had the authority, if the parties interested were present and consented, to vacate the 30 feet without notice; at least, so far as the parties present are concerned, and those who claim through or under them. If the board had the authority to vacate 30 feet, then it had the authority to vacate all the street, the whole 90 feet. If it could vacate the 90 feet, it could absolutely vacate 30 feet of the street, and then vacate the other 60 feet as a street, or grant the prayer of the petition, which it did in this case, if the parties interested were present and consented. If present and consenting, no notice was necessary; at least, the parties present and consenting, and those claiming through or under them by deed, judgment, execution, or otherwise, cannot complain of any want of notice.

The vacation of a public street of a city or town and the changing of such a street into a highway might, under some cases, be beneficial to the contiguous land-owner. In other cases, the street might be more valuable to him than the public highway, on account of the mode of grading or repairing adopted by cities. In the brief for the rehearing, it is said that "it is wrongfully assumed that the board declared the 60-foot strip to be a public highway." The record, we think, sustains this construction.

The original petition asked for certain lots, blocks, streets, and alleys to be vacated, and also asked for 60 feet of the street referred to to be declared a highway. The proceedings before the board, of the date of the 9th of October, 1873, show

that the prayer of the petition was granted, and the subsequent use of the 60 feet of the strip as a public highway further shows that it was intended that the street should be vacated as a street and changed and used as a highway only.

All that we intended to decide in the former opinion (47 Kas. 690) was, that the parties to the proceedings of vacation of the 30-foot strip and the changing of the 60-foot strip from a street to a public highway are in no condition, in view of their agreements and actions before the board of county commissioners, and the subsequent acts of the township and county officials, to question such vacation or change. If the parties interested in a matter pending before a board of county commissioners, and concerning which the board has authority to act, consent to a vacation or other order, such vacation or order is binding upon the parties present and consenting, even if the proceedings are so irregular as not to control or estop others not properly summoned or noticed. In this case, no one owning any lands described in the proceedings of the board of county commissioners of the 9th of October, 1873, is complaining. But a creditor of plaintiff below contends that those proceedings are so irregular or imperfect as not to vacate or change the 60-foot strip of the former street into a highway merely. We do not think that a creditor of a party consenting to the proceedings referred to can insist upon any want of notice or irregularity therein.

Since the 9th of October, 1873, excepting the part of the former street which was wholly vacated, the balance of the street has been deemed a public highway only. Therefore we perceive no good reason to change or modify the judgment heretofore rendered by this court. There are some things stated in the opinion which we do not approve. But it is not necessary to affirm all of the language of the commission to support the judgment rendered by the court below.

The motion for a rehearing will be overruled.