CAROLINE M. WICKER and CYRUS F. WICKER v.
BILLIE WILLIAMS, *et ux.*

189 So. 30
Division A.
Opinion Filed May 19, 1939.

*W. H. Nollman,* for Plaintiffs in Error;

*M. R. McDonald,* for Defendants in Error.

BUFORD, J.—Writ of error brings for review judgment in ejectment in favor of the defendant.

The amended declaration appears from the record before us to have been as follows:

"Come now the plaintiffs Caroline M. Wicker and Cyrus F. Wicker by their solicitor W. H. Nollman, and for their

Amended Declaration against the defendants Billie Williams and Mrs. Billie Williams, sue in an action of ejectment.

"1. Because the defendants are in possession of a certain tract or parcel of land situated, lying and being in said Highlands County, State of Florida, known and described as follows, to-wit: Several acres on Lake Istokpoga, at the end of the road leading thereto from the Town of Lake Placid and is contained within a larger tract described as situated, lying and being in the County of Highlands and the State of Florida, being a portion of: Section 27, Township 36 South, Range 30 East, more particularly described as follows: Beginning at the Southwest corner of the Northwest quarter (NW¼) of the Southwest quarter (SW¼) of Section 27, Township 36 South, Range 30 East, thence north 0 degrees 39 minutes west along the west line of Section 27, a distance of 4007.5 feet to the northwest corner of Section 27, thence north 89 degrees 56 minutes east along the north line of Section 27, a distance of 591.4 feet to the meander line of Lake Istokpoga, thence southerly along the meander line of Lake Istokpoga to the south line of the northwest quarter (NW¼) of the southwest quarter (SW¼) of Section 27, thence south 89 degrees 55 minutes west a distance of 894 feet to a point of beginning, containing 57.78 acres more or less, according to the plat thereof made by E. H. Sitz, Engineer, dated December 30th, 1925, which plat is filed as an exhibit in Chancery Action in this Court, Case No. 800, wherein Billie Williams was complainant and Mrs. C. G. Wicker, *et al.*, were defendants; and that a copy of said map is annexed to the original declaration, which shows the approximate location of the house occupied by defendants and the land surrounding said home; to which the plaintiff, Caroline M. Wicker, claims title with the exception of the title which the plaintiff Cyrus

F. Wicker claims of a three-eighths interest in said land as shown by a certain Power of Attorney executed by the said Caroline M. Wicker to the said Cyrus F. Wicker, and recorded in the office of the Clerk of the Circuit Court of Highlands County, Florida, in Deed Book 59 at page 259, to which reference is hereby made, and the defendants refuse to deliver possession of said land to the said plaintiffs.

"2. The said Caroline M. Wicker is a *femme sole* and the plaintiff Cyrus F. Wicker is a resident of Miami, Dade County, Florida.

"3. That the defendant, Mrs. Billie Williams, is the wife of the defendant Billie Williams and is living with him on the premises herein described.

"WHEREFORE Plaintiffs say they are injured and damaged, and ask this Court for a Writ of Possession, together with judgment for the costs of this suit."

To this declaration defendants filed three pleas. The first was a plea of not guilty.

Demurrer and motion to strike was sustained as to the Third plea. Therefore, it is not to be considered.

The Second plea was in the following language:

"That the defendant, Billie Williams, says that he, with his said wife, have not been in possession of all of the land as described in the Amended Declaration but that he is the owner in fee simple, because he has been in the visible, open, notorious, actual, continued and interrupted adverse possession for more than seven years last past prior to the institution of this suit, of a portion of the premises described in the declaration, and more particularly described as follows, to-wit:

"The fractional North half of the Southwest quarter of Section 27, Township 36 South, Range 30 East, and a piece, parcel or tract of land lying in said fractional Section 27

more particularly described and bounded as follows: Beginning at a brass cap (Government Survey marker) situated on the NW corner of the North half of the Southwest quarter of said Sec. 27, and also being the SW corner stake of the NE¼ of Sec. 28, Township 36 South, Range 30 East, and in the West line of Billie Williams home place, and being 476 feet north of the point where the main Istokpoga Lake Placid Road intersects said fence at a cattle guard; thence due north along the Section line between Sections 27 and 28, and along and continuing with the 'Home Place' fence, a distance of 550 feet to a point where said fence (extending Northwardly) ends, to a stake; thence due East continuing with the said 'Home Place' fence 750 feet to a stake on the bank of Lake Istokpoga, and in the west shore meander line thereof, and near the residence of Harry Collier and being the eastern terminus of said 'Home Place' fence; thence southwardly along and with the West shore line of Lake Istokpoga a distance of approximately 510 feet to a stake in the old east and west fence line, which is the northern boundary line, and the Northeast corner thereof at the intersection point with the Lake of the north half of the SW¼ of said Section 27 Township and Range; thence due West along said old fence line, being the North boundary line of said SW¼ of said Section 27 a distance of 710 feet to the point of beginning. Containing in the aggregate 29 acres more or less in Highlands County, Florida.

" 'And the said defendant, Billie Williams, claims title to said last described premises (not founded on a written instrument) but by adverse possession as aforesaid for seven years and more.' "

Demurrer to and motion to strike plea No. 2 was denied.

The verdict was as follows:

"We, the jury, find for the defendant Billie Williams,

and that he is the owner in fee simple and has the right of possession of the following described property, to-wit:

"The fractional North half of the Southwest quarter of Section 27, Township 36 South, Range 30 East, and a piece, parcel or tract of land lying in said fractional Section 27 more particularly described and bounded as follows:

"Beginning at a brass cap (Government Survey marker) situated on the NW corner of the North half of the Southwest quarter of said Section 27 and also being the SW corner stake of the NE¼ of Section 28, Township 36 South Range 30 East, and in the west line of Billie Williams home place, and being 476 feet north of the point where the main Istokpoga Lake Placid Road intersects said fence at a cattleguard; thence due North along the section line between Sections 27 and 28, and along and continuing with the 'Home Place' fence, a distance of 550 feet to a point where said fence (extending northwardly) ends, to a stake; thence due East continuing with the said 'Home Place' fence 750 feet to a stake on the Bank of Lake Istokpoga, and in the west shore meander line thereof, and near the residence of Harry Collier and being the Eastern terminus of said 'Home Place' fence; thence Southwardly along and with the west shore line of Lake Istokpoga a distance of approximately 610 feet to a stake in the old east and west fence line, which is the Northern boundary line, and the northeast corner thereof at the intersection point with the Lake of north half of the SW¼ of said Section 27, Township and Range; thence due West along the said old fence line, being the north boundary line of said SW¼ of said section 27 a distance of 710 feet to the point of beginning. Containing in the aggregate 29 acres more or less in Highlands County, Florida.

"So SAY WE ALL.

"G. G. Budd, Foreman."

Upon this verdict judgment was entered after the denial of motion for directed verdict, motion for new trial, motion for judgment *non obstante veridicto,* and motion for *venire facias denovo* and motion in arrest of judgment.

The transcript of the record is so inadequately indexed and inartificially prepared as to make the work of digesting the record by this Court most burdensome.

The demurrer interposed by the plaintiff to the Second and Third pleas should have been visited back on the declaration and sustained because the description of the lands involved as contained in the declaration was so vague, indefinite and uncertain that the lands sought to be involved in the suit can not be located either as to area or boundary by that description.

There are fifteen assignments of error.

Plaintiff in error has posed 5 questions for our consideration, which questions are as follows:

"First: Is a special plea of adverse possession without color of title to a declaration in ejectment, good, that does not amount to an equitable plea, does not cover all the property in the declaration, and sets forth in detail grounds for adverse possession but not all the grounds required by Section 4656 Compiled General Laws of Florida 1937?"

"Second: If a person erects a home upon a county highway with permission of the county officials, without any enclosure on either side of the road and the adjoining property, with a fence and cattle guard across the road at one end of said property and an open lake at the other end, granting for the argument the other sides of the property claimed are enclosed, will this be considered a sufficient enclosure according to subdivision 2 of Section 4656 of the Compiled General Laws, to constitute adverse possession to the property bordering said highway?"

"Third: In an action of ejectment without color of title are questions pertaining to (1) name in which property is assessed (2) record of tax sales and tax deeds (3) who paid for the lumber that built the homes on the premises (4) that persons other than defendants applied to one of plaintiffs for permission to tear down the homes in which they lived on said land (5) a final decree of court as to possession of said premises rendered within seven years of time of commencing ejectment suit, relevant and material when the defense is adverse possession without color of title."

"Fourth: Is a verdict erroneous in an ejectment suit that covers only part of the land described in the declaration and ignores the remaining part?"

"Fifth: When an ejectment case is tried upon a plea of general issue and a special plea of adverse possession as to part of the premises and defendant fails to offer any evidence in support of the first plea and the jury gives a verdict for the defendant upon the special plea only, ignoring the rest of the case, if that special plea is bad, should the court grant a motion for judgment *non obstante veredicto,* giving to the plaintiff the relief asked in the declaration?"

Some discussion is had in the briefs as to whether or not the words "interrupted adverse possession" or "uninterrupted adverse possession" were used in the plea. We do not deem this material because if the words "interrupted adverse possession" were used it is clear that this was a typographical error and that all the way through the trial the court and counsel construed the language as "uninterrupted adverse possession."

Tht first question propounded must be answered against the contention of the plaintiff in error because Rule 80 of Common Law Rules provides as follows:

"Any defendant in an action of ejectment shall be at liberty to limit his defense to a part of the property mentioned in the declaration describing such part with reasonable certainty. Otherwise his appearance shall be deemed an appearance to defend for the whole."

And Rule 85 provides as follows:

"(a) The plaintiff with his declaration and the defendant with his plea shall file as a part thereof a bill of particulars setting forth chronologically the chain of title upon which he will rely at the trial. If any part of the chain of title be recorded, the bill of particulars shall state the name of the grantors and the grantees, and the book and page of the record thereof; if an unrecorded instrument is relied upon, a copy thereof shall be attached. The court may require the original to be submitted to the opposite party for inspection. If the party relies upon a claim of right without color of title, such bill of particulars shall so state and specify how and when such claim originated and the facts upon which such claim is based. If the defendant and plaintiff claim under a common source the bill of particulars need not deraign title prior to such common source."

So the Second plea may be construed as a compliance with these two rules and with the enunciation of this Court in the case of Buesing v. Forbes, 33 Fla. 495, 15 Sou. 209. Aside from this, the plea at most possessed no greater infirmities than did the declaration.

As to the Second question we must hold that an enclosure such as is described in the Second question would constitute sufficient evidence of adverse possession to comply with subsection 1 of paragraph 2 of Sec. 2936 R. G. S., 4656 C. G. L., because if the fence enclosing the property is so constructed that on one side of the land it is connected on each side of a highway with a cattle-gap constructed in

such highway and which has outside end of each of such fences running from the cattle-gap connected with a fence and these two fences run generally in the same direction into a natural barrier of water, such as a lake or river, such fences together with the cattle-gap and the natural barrier of water will constitute a substantial enclosure. Where a body of land under a single enclosure is bisected by a highway the right-of-way of such highway will not destroy the possession of one holding under such enclosure, if the enclosure is otherwise maintained.

In the case of Clark, et al., v. Cox, et al., 80 Fla. 63, 85 Sou. 173, it was held:

"If the rights conveyed for a railroad right-of-way are in law only a perpetual easement, this would not destroy the actual contiguity or impair the homestead exemptions. Griswold v. Huffaker, 47 Kan. 690; 28 Pac. Rep. 696; Griswold v. Huffaker, 48 Kan. 374, 29 Pac. Rep. 693; Slaughter v. Karn (Ky. App.), 23 S. W. Rep. 791; Gibbs v. Adams, 76 Ark. 575, 89 S. W. Rep. 1008; Allen v. Dodson, 39 Kan. 220, 17 Pac. Rep. 667; Randal v. Elder, 12 Kan. 257; Shone v. Bellmore, 75 Fla. 515, 78 South Rep. 605; 13 R. C. L. 578."

And we hold that the rule there stated will likewise apply to cases involving the question of adverse possession.

Whether or not there was a substantial enclosure of the land is a jury question.

The Third Question must be answered contrary to the contention of the plaintiff in error because neither the assessment of taxes, the record of tax deed nor the identity of the party paying for lumber to be used on the premises, nor the fact that some other person applied to the plaintiff for permission to tear down a house on the premises or a final decree of a court of competent jurisdiction in a suit to which the defendant was not a party would have any

bearing upon whether or not the defendant was in actual notorious and adverse possession of the property.

The Fourth question must be answered as it was answered by the court below, in the negative, because the plea of the defendant limited the issues to be tried to that portion of the land of which he claimed to be in adverse possession.

The Fifth question can find no basis in the record because the verdict was responsive to the plea of general issue as limited by the second plea, which denied possession of any of the land attempted to be described in the declaration, except that which was described in the plea and as to that the Second plea was one of adverse possession.

The judgment should be affirmed and it is so ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.