ALLEN, Judge.
This is an appeal from the final decree in a quiet title suit. G. P. Smythe sued M. M. Lee and Tampa Mortgage & Title Company to quiet plaintiff’s title to Government Lots 1 and 2, Section 20, Township 32 South, Range 18 East, in Hillsborough County. Defendant Lee was subsequently dismissed from the suit, and plaintiff subsequently abandoned his claim to Government Lot 1. The chancellor took testimony and entered a decree quieting plaintiff’s title to Government Lot 2. Defendant appeals.
Plaintiff’s predecessor in title obtained that title August 11, 1931. In 1938, a lessee was permitted to fence the property, which included Government Lot 2. This fence began about a mile and a half southwesterly of the involved land on the shore of Tampa Bay. It then ran east along the south line of Sections 30, 29 and 28. At the southwest corner of Section 27, the fence ran diagonally across Section 27 to the northeast corner thereof and then west along the north line of Sections 27 and 28 to the point on the north line of Section 28 where said north line was intersected by the shore of a body of water designated as Cockroach Bay. Thereafter, the land owned by plaintiff’s predecessor in title, and only land so owned, was bounded on the south, east and part of the north line by fence, and on the balance of the north line and on the west line by water.
The original fence has, to the present time, been maintained sufficiently to prevent livestock from escaping. From 1938 until 19S5, various lessees have used the fenced land to graze cattle and for other agricultural purposes for which particular portions were suitable. Government Lot 2 is presently made up primarily of low, marshy tide flats interspersed with hammocks or islands formed by the growth of mangroves. The record before us indicates that such land was, at best, poor grazing land. Nonetheless, there was evidence that such use was possible and, in fact, had been practiced until quite recently.
On January 3,1944, a tax deed was issued covering Government Lots 1 and 2 of said Section 20, and April 11, 1944, defendant obtained a half interest from the grantee in said tax deed. Defendant and said Lee paid taxes on the two lots from 1944 until the time of this suit. Plaintiff obtained his title July 5, 1955.
After hearing the testimony in the case and considering the arguments and briefs of counsel, the chancellor entered a final decree wherein he held plaintiff had proved the “adverse, actual possession, occupancy and use” required by Section 196.06, Fla. Stat.1957, F.S.A., and declared defendant’s tax deed void as to said Government Lot 2.
The sole question raised by defendant, on this appeal, attacks the sufficiency of the evidence to support the decree. Such attack is directed mainly against plaintiff’s evidence which tends to show that the involved land has, for many years, been used as pasturage for cattle, and against the evidence which purports to show said land was, in 1938, enclosed by a cattle proof fence.
As previously mentioned, this land is low, tidal marsh which is interspersed with islands formed by the growth of mangrove trees. There is evidence that cattle owned by the various lessees have grazed over the land involved. These cattle were so-called “range” cattle, which are known for their wildness and hardy nature.
As to the enclosure of the involved land, plaintiff admits that the fence actually *204 stops about a half a mile from Government Lot 2. However, plaintiff points out, as shown by the evidence, that the fence stops at the shore of a bay and that the only access to Government Lot 2, other than through the fence and over land formerly a part of the large tract owned by plaintiff’s predecessor in title, is by water. Certainly, navigable water may form at least part of a “substantial enclosure.” Wicker v. Williams, 1939, 137 Fla. 752, 189 So. 30.
We conclude that the decree is based on substantial, competent evidence, though conflicting, and should, therefore, be affirmed.
Affirmed.
KANNER, C. J., and WALDEN, JAMES H., Associate Judge, concur.